# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER FERRELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-402 |
| ) | Judge Trauger |
| BRIAN ELLER,[1] Warden, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S CONTINGENT OBJECTION TO THE REPORT AND RECOMMENDATION

## INTRODUCTION

If the Court rejects the magistrate judge's construction of Ground One, Respondent objects to the Report and Recommendation to preserve his arguments in the answer about Ground One. The magistrate judge rejected Respondent's construction of Ground One as alleging a procedurally defaulted, standalone Fifth Amendment violation under *Miranda v. Arizona*, 384 U.S. 436 (1966), and considered the claim as one of ineffective assistance of counsel challenging Counsel's decision against seeking suppression of Petitioner's police statement under *Miranda*. Although the magistrate judge reached the correct result on that issue which was properly alleged in Ground Two, to preserve any necessary appellate review, Respondent objects to the magistrate judge's construction of Ground One and renews his argument that Ground One, a substantive *Miranda* claim, is procedurally defaulted.

---

[1] The warden of the facility where the prisoner is being held is the proper respondent to a habeas corpus petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Brian Eller is the current warden of the Northeast Correctional Complex and should be substituted as the proper respondent.

1

## STANDARD OF REVIEW

Any party can object to a report and recommendation. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). Objections "must be specific" to be considered by the district court. *Thrower v. Montgomery*, 50 F. App'x 262, 263 (6th Cir. 2002). They must "identify the specific errors in the magistrate judge's proposed recommendations." *McClain v. Hanna*, No. 2:19-cv-10700, 2019 WL 7288768, at *2 (E.D. Mich. Dec. 30, 2019) (emphasis omitted) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

A district court reviews de novo the legal conclusions and factual findings made in the report. 28 U.S.C. § 636(b)(1)(C); *Flournoy v. Marshall*, 842 F.2d 875, 877 (6th Cir. 1988). The court may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C). Importantly, a party "*must* file timely objections with the district court to avoid waiving appellate review[.]" *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

## ARGUMENT

**The Magistrate Judge Misconstrued Ground One, which Alleged a Fifth Amendment Claim, Leading to Respondent's Argument that Ground One was Procedurally Defaulted Not Being Addressed.**

Ground One plainly alleged a procedurally defaulted, standalone Fifth Amendment claim arguing that Petitioner's police statement was taken without him being read his *Miranda* warning. His language provided no notice that he intended to raise a claim of ineffective assistance of trial counsel based on this suppression issue, and, in fact, he raised that specific Sixth Amendment claim in Ground Two. But the magistrate judge construed and addressed Ground One together with Ground Two's ineffective-counsel-suppression claim as a singular claim for relief.

To preserve potential appellate review, Respondent objects to the magistrate judge's construction of Ground One as alleging an ineffective-counsel claim rather than a Fifth

2

Amendment claim. If the Court agrees with Respondent's construction of Ground One, the Court should adopt Respondent's argument that the Fifth Amendment claim is procedurally defaulted, the default cannot be excused, and the claim lacks merit.

Ground One of the petition questioned "[w]hether petitioner's initial statements should have been suppressed." (ECF 1, Page ID# 4.) Petitioner alleged that he "was held in police custody for six and a half hours, was made to stand outside in thirty-six degree weather for three hours, wearing only a t-shirt and jeans, amidst freezing rain[,]" before being arrested and "aggressively questioned without *Miranda* or benefit of counsel for ninety minutes." (*Id*.) He further noted that "this illegally obtained, custodially cohersed [sic] statement was still entered into evidence against petitioner's strong objection to his trial counsel." (*Id*.) In no way does this language show that Petitioner was raising a claim of ineffective assistance of counsel in Ground One. (*Id*.) But he notably alleged a claim of ineffective assistance of trial counsel due to Counsel's "failure to file motion to suppress statements" in Ground Two. (*Id*., Page ID# 6.) And in subsequent filings, Petitioner thoroughly argued this ineffective-counsel-suppression claim while continuing to highlight how his police statement would have been suppressed if the issue was raised. (ECF 7, Page ID# 32-36; ECF 10, Page ID# 42-46.)

In the answer, Respondent addressed these two distinct claims. Respondent argued that the *Miranda* claim was procedurally defaulted, Petitioner neither alleged cause and prejudice nor invoked the fundamental-miscarriage-of-justice exception to excuse the default, and the claim was meritless based upon the record. (ECF 16, Page ID# 3262-64.) Respondent then argued that the ineffective-counsel-suppression claim alleged in Ground Two provided no relief because Petitioner had not shown that the state-court adjudication resulted in a decision that contradicted,

3

or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts established in state court. (*Id*., Page ID# 3272-75.)

Petitioner retained counsel, who filed a reply to the answer. (ECF 19, Page ID# 3296; ECF 20, Page ID# 3297-3346.) In the reply, Petitioner stated that Respondent "convoluted" his claims. (ECF 20, Page ID# 3312-13.) Petitioner submitted that he is arguing that Counsel "was ineffective for failing to move to suppress" his police statement before proceeding to argue the merits of the suppression issue. (*Id*., Page ID# 3312-26.) So effectively, Petitioner claims to have asserted the same claim twice.

The magistrate judge combined and addressed Ground One with Ground Two's subclaim that Petitioner received ineffective assistance of trial counsel for not moving to suppress the police statement. (ECF 27, Page ID# 3366-67.) The magistrate judge recommended denying the claim because the state appellate court's adjudication of the ineffective-counsel claim satisfied § 2254(d) review. (*Id*., Page ID# 3371-75.) Notably, the magistrate judge rejected Petitioner's extensive suppression arguments and addressed the claim under *Strickland*'s performance prong because "[t]he question is not whether the trial court correctly determined whether Petition [sic] was 'in custody.'" (*Id*., Page ID# 3374.)

To ensure appellate review is not waived, *Willis*, 931 F.2d at 401, Respondent objects to the magistrate judge's construction of Ground One. If the Court rejects the magistrate judge's construction of Ground One in favor of Respondent's construction, Respondent preserves and reasserts the arguments made on the standalone *Miranda* claim.

*Pro se* habeas claims are liberally construed "to encompass any allegation stating federal relief." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). *Pro se* petitioners must plead claims

4

"with the requisite specificity" to "clarify what constitutional right has been violated." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

Here, the magistrate judge erroneously agreed with Petitioner that Respondent "convoluted" his claims. But Respondent honored the principles governing *pro se* pleading by liberally construing the plain language in the *pro se* petition and supporting memoranda, the only pleadings available when drafting the answer. Petitioner pleaded two distinct constitutional claims with "requisite specificity," one based upon his Fifth Amendment right against self-incrimination and one based upon his Sixth Amendment right to effective assistance of counsel. (ECF 1, Page ID# 4-6.) So, Respondent read and addressed these claims separately "to encompass any allegation stating federal relief." *Franklin*, 765 F.2d at 85. By addressing the claims as a single ineffective-counsel claim concerning suppression, the magistrate judge did not honor the liberal construction afforded to *pro se* petitions. This is especially true, where, like here, Petitioner "clarif[ied] what constitutional right[s have] been violated." *Id.*; *Jarrell*, 656 F. Supp. at 239. Moreover, the magistrate judge's construction means that Petitioner pleaded the ineffective-counsel-suppression claim twice, which is illogical even under the generous *pro se* pleading standard. Petitioner alleged two constitutional violations, not one.

Since the magistrate judge consolidated the claims into one ineffective-counsel claim, Respondent's procedural default argument concerning the *Miranda* claim was rejected. If the Court agrees that Petitioner alleged this *Miranda* claim, the Court should then find the claim procedurally defaulted for the reasons outlined in the answer. (ECF 16, Page ID# 3262-64.)

## CONCLUSION

The magistrate judge erred by construing Ground One's Fifth Amendment claim as alleging a Sixth Amendment ineffective-counsel claim, which Petitioner alleged later in Ground

Two. In so construing, the magistrate judge did not properly evaluate the claim alleged in Ground One, and, thus, Respondent's procedural default arguments were not addressed in the report and recommendation. To preserve potential appellate review of these arguments, Respondent files this contingent objection. If the Court decides that Ground One alleged a standalone Fifth Amendment claim, the Court should adopt Respondent's arguments in the answer. Otherwise, the Respondent agrees with the magistrate judge's resolution of the ineffective-counsel-suppression claim along with the other claims.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Nicholas S. Bolduc*
NICHOLAS S. BOLDUC
Senior Assistant Attorney General
Federal Habeas Corpus Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 507-6802
Email: Nicholas.bolduc@ag.tn.gov
T.B.P.R. No. 35050
COUNSEL FOR RESPONDENT

## CERTIFICATE OF SERVICE

I certify that this document was filed electronically on August 27, 2024. A copy of the foregoing was automatically served upon Petitioner's counsel of record at the email address listed below via the Electronic Case Filing system:

Debra K. Hampton
Email: hamptonlaw@cox.net
COUNSEL FOR PETITIONER

/s/ *Nicholas S. Bolduc*
NICHOLAS S. BOLDUC
Senior Assistant Attorney General