# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER FERRELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00402** |
| | ) | **Judge Aleta A. Trauger Magistrate** |
| **BRIAN ELLER, Warden,**[1] | ) | **Judge Jeffrey S. Frensley** |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

Before the court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 27), finding the claims raised in petitioner Christopher Ferrell's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Doc. No. 1) to be without merit and recommending that the Petition and any other miscellaneous relief the petitioner seeks be denied without an evidentiary hearing. The R&R notified the parties that any objections to the R&R must be filed within fourteen days of service and that the failure to file written objections within the specified time could be deemed a waiver of the right to appeal. (Doc. No. 27, at 52.)

The petitioner has not filed timely objections to the R&R. The Warden filed a "Contingent Objection" (Doc. No. 28) in order to preserve his argument that Ground One of the Petition should

---

[1] The proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243. The prisoner's immediate physical custodian is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). Accordingly, Brian Eller, in his official capacity as Warden of Northeast Correctional Complex where the petitioner is currently incarcerated, is substituted as the appropriate respondent in this action.

be construed as a stand-alone claim that the petitioner's Fifth Amendment rights had been violated under *Miranda v. Arizona*, 384 U.S. 436 (1966), and should, as such, be deemed procedurally defaulted.

Although the Petition clearly articulates the claim as a stand-alone Fifth Amendment claim (*see* Doc. No. 1, at 4), the supporting Memorandum argues it as a fully exhausted ineffective assistance of counsel claim (Doc. No. 10, at 10–12), and the petitioner's Reply, filed by counsel,[2] also characterizes the claim as an ineffective assistance claim (*see* Doc. No. 20, at 16 ("Petitioner argued just as he does here, that Trial Counsel was ineffective for failing to move to suppress because the failure of defense counsel to file a plainly meritorious motion to suppress may constitute ineffective assistance of counsel.")). The R&R, based on the petitioner's characterization of his own claim, likewise construes it as a fully exhausted claim that trial counsel was constitutionally ineffective for failing to move to suppress the plaintiff's statement to police based on the failure to provide a timely *Miranda* warning. (Doc. No. 37, at 14.) The R&R recommends, however, that the relief on the basis of this claim be denied. (*Id.*)

The respondent's Objection, which makes no difference to the outcome of this case, is **OVERRULED**, as the R&R did not err in construing Ground One as a claim for ineffective assistance of counsel rather than as a (clearly defaulted) stand-alone Fifth Amendment claim.

Because the petitioner has not filed timely objections to the R&R, the court **ACCEPTS** the R&R in its entirety. The Petition (Doc. No. 1) is **DENIED**, and this case is **DISMISSED**. Further, in view of the petitioner's decision not to file objections, the court **DENIES** a Certificate

---

[2] The petitioner's original Petition and supporting Memorandum (Doc. Nos. 1 and 10) were filed *pro se*. Counsel later entered an appearance on behalf of the petitioner (Doc. No. 19) and filed a Reply (Doc. No. 20) on his behalf.

of Appealability ("COA"). The petitioner may, however, request a COA directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

This is a final judgment for purposes of Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge