# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER FERRELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00402** |
| | ) | **Judge Aleta A. Trauger** |
| **BRIAN ELLER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>MEMORANDUM</u>

Before the court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 27), finding the claims raised in petitioner Christopher Ferrell's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Doc. No. 1) to be without merit and recommending that the Petition and any other miscellaneous relief the petitioner seeks be denied without an evidentiary hearing. Although the R&R recommends that the Petition be denied, the respondent filed a timely Contingent Objection (Doc. No. 28) to one aspect of the R&R, in order to preserve the issue for appeal.

The petitioner, who by the time the R&R was entered was represented by counsel, failed to file timely objections, as a result of which the court initially accepted the R&R and dismissed the Petition. However, the court subsequently granted the petitioner's Rule 60 motion for good cause and reopened the case for the purpose of permitting the petitioner to file objections. (*See* Doc. Nos. 31, 32.) The petitioner thereafter lodged his Objection to the R&R (Doc. No. 36), to which the respondent, at the court's direction, has filed a Response (Doc. No. 39).

For the reasons set forth herein, both Objections will be overruled, and the R&R will be accepted in its entirety. The Petition will be dismissed with prejudice.

## I. STANDARD OF REVIEW

After being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. Likewise, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). And "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

## II.     THE RESPONDENT'S OBJECTION

The respondent filed a "Contingent Objection" (Doc. No. 28) in order to preserve his argument that Ground One of the Petition is articulated as a stand-alone claim that the petitioner's Fifth Amendment rights had been violated, under *Miranda v. Arizona*, 384 U.S. 436 (1966), and should, as such, be deemed procedurally defaulted. The court previously addressed the respondent's Objection in the Order (Doc. No. 29) vacated when the court permitted the petitioner to file his Objection outside the fourteen days permitted by Rule 72. The court reiterates here the same findings it already made.

Although the Petition clearly articulates the claim as a stand-alone Fifth Amendment claim (*see* Doc. No. 1, at 4), the supporting Memorandum argues it as a fully exhausted ineffective assistance of counsel claim (Doc. No. 10 at 10–12), and the petitioner's Reply, filed by counsel,[1] also characterizes the claim as an ineffective assistance claim (*see* Doc. No. 20 at 16 ("Petitioner argued just as he does here, that Trial Counsel was ineffective for failing to move to suppress because the failure of defense counsel to file a plainly meritorious motion to suppress may constitute ineffective assistance of counsel.")). The R&R, based on the petitioner's characterization of his own claim, likewise construes it as a fully exhausted claim that trial counsel was constitutionally ineffective for failing to move to suppress the plaintiff's statement to police based on the failure to provide a timely *Miranda* warning. (Doc. No. 27 at 14.) The R&R recommends that relief on the basis of this claim be denied. (*Id.*)

While the respondent is clearly correct that any stand-alone Fifth Amendment claim would be procedurally defaulted, the petitioner's apparent intention is to present the claim as one based

---

[1] The petitioner's original Petition and supporting Memorandum (Doc. Nos. 1 and 10) were filed *pro se*. Counsel later entered an appearance on behalf of the petitioner (Doc. No. 19) and filed a Reply (Doc. No. 20) and the Objection (Doc. No. 36) on his behalf.

on ineffective assistance of counsel, which is not defaulted. The respondent's Objection, which makes no difference to the outcome of this case, will therefore be overruled, as the R&R did not err in construing Ground One as a claim for ineffective assistance of counsel rather than as a (clearly defaulted) stand-alone Fifth Amendment claim.

## III.    THE PETITIONER'S OBJECTION

The petitioner's brief Objection asserts that (1) the Magistrate Judge "made an objectively unreasonable factual determination" in rejecting the petitioner's claim that his trial counsel was constitutionally ineffective for failing to move to suppress his custodial statement to police made without having been provided a warning under *Miranda*, because it could not have been a reasonable strategic decision to "let the jury know that your client had previously not told the whole truth" in a statement (Doc. No. 36 at 2); (2) the R&R incorrectly determined that the state court opinion "was not in violation of 28 U.S.C. § 2254(d)(1–2) with respect to [witness] Susan Branam" (*id.* at 4); and (3) the petitioner was prejudiced by his trial counsel's failure to call Jon Hensley and Stacey McCoy to testify at trial.

### A.    Legal Standards for Review under § 2254

As the R&R recognized, the Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). Under AEDPA, a district court may grant a writ of habeas corpus on a claim that was adjudicated on the merits in state court only if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Fields v. Jordan*, 86 F.4th 218, 231 (6th Cir. 2023), *cert. denied sub nom. Fields v. Plappert*, 144 S. Ct. 2635 (2024). "The Supreme Court has regularly 'reminded' courts that this text adopts a 'difficult to meet' test." *Fields*, 86 F.4th at 231 (citing *White v. Woodall*, 572 U.S. 415, 419 (2014)).

Applied to claims based on the ineffective assistance of counsel, this legal standard means that the question before a federal court is not whether the petitioner can establish that his counsel was constitutionally ineffective under the two-factor test—constitutionally defective performance and prejudice—set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). That hurdle is already high. *See id.* at 240 ("Even outside the AEDPA context, a defendant . . . faces a tall task to prove that his lawyers performed so incompetently that they deprived him of his Sixth Amendment right 'to have the Assistance of Counsel for his defence.'" (quoting U.S. Const. amend. VI)). Under AEDPA, "[t]he combination of the Supreme Court's normally demanding test for ineffective-assistance claims with its even more demanding test for AEDPA relief creates a 'doubly deferential' review framework for federal courts." *Id.* at 239.

Under *Strickland*, to prove deficient performance, a petitioner must "prove that his lawyers made objectively unreasonable decisions when considered under all of the circumstances." *Id.* at 240. A petitioner "cannot meet this test simply by showing that the lawyers' decisions 'deviated' from the 'best' or 'common' course." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)). Instead, he must show that counsel's decision "reached such a level of 'incompetence'" that the petitioner "lacked the 'counsel guaranteed [him] by the Sixth Amendment.'" *Id.* (quoting *Harrington*, 562 U.S. at 104–05) (some internal quotation marks omitted). To establish prejudice under *Strickland*, a defendant must show "a reasonable probability that the trial would have gone differently but for counsel's errors." *Rogers v. Mays*, 69 F.4th 381, 390 (6th Cir. 2023), *cert. denied*

*sub nom. Rogers v. Pounds*, 144 S. Ct. 830 (2024). "To establish ineffective assistance of counsel a defendant must show *both* deficient performance by counsel and prejudice." *Premo v. Moore*, 562 U.S. 115, 121 (2011) (emphasis added) (internal quotation marks and citation omitted).

"Surmounting *Strickland*'s high bar is never an easy task." *Harrington*, 562 U.S. at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Id.* Under AEDPA, for the deficient performance prong of *Strickland*, "it is no longer enough for [the petitioner] to show that his attorneys made a decision that no reasonable lawyer would have made. He now must show that '*every* 'fairminded juris[t]' would agree that *every* reasonable lawyer would have made a different decision.'" *Id.* (emphasis in original) (quoting *Dunn v. Reeves*, 594 U.S. 731, 740 (2021) (some internal quotation marks omitted)). Under this standard, the state court has wide "latitude" to reject an ineffective-assistance claim "without our second guessing its decision as an 'unreasonable application' of *Strickland*'s performance prong." *Id.* (citing 28 U.S.C. § 2254(d)(1)). On the prejudice prong, where the state court "clearly understood the facts of [the petitioner's] case and reasonably concluded that he had not met *Strickland*'s prejudice prong," that is "all that is required to satisfy AEDPA deference on this issue." *Miles v. Jordan*, 988 F.3d 916, 930 (6th Cir. 2021).

If a petitioner challenges the trial or post-conviction court's factual findings, as distinct from the appellate court's legal conclusions about the adequacy of counsel's performance, AEDPA requires him to show that the court made "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). To meet this test, the petitioner "must show not just that the state court's determination was debatable or incorrect,

but also that it was unreasonable—'a substantially higher threshold' for obtaining relief." *Id.* at 240–41 (quoting *Shoop v. Twyford*, 596 U.S. 811, 819 (2022) (citation omitted)).

### B.    Counsel's Failure to Move to Suppress Custodial Statement

The Petition argues that the Tennessee Court of Criminal Appeals ("TCCA") erred in rejecting the petitioner's claim that his trial attorney was constitutionally ineffective for failing to move to exclude a statement made to police when he was clearly in custody at the time and had not been provided the warnings required by *Miranda v. Arizona*. (*See* Doc. No. 10 at 11–12.) He argues that the state court unreasonably determined that he was not in custody, that the statement was "somehow 'exculpatory,'" and that the petitioner was not prejudiced by the admission of the statement. (*Id.* at 12.)

In addressing this claim, the TCCA first correctly articulated the *Strickland* standard. *Ferrell v. State*, No. M2019-00726-CCA-R3-PC, 2020 WL 5230387, at *7 (Tenn. Crim. App. Sept. 2, 2020). In applying that standard, the court stated:

> In order to prove prejudice on a claim that counsel was ineffective in failing to file a motion to suppress, a petitioner must show that (1) a motion to suppress would have been granted and (2) there was a reasonable probability that the proceedings would have concluded differently if counsel had performed as suggested.

> "[T]he failure to file a [meritorious] suppression motion does not constitute per se ineffective assistance of counsel." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). For such a failure to constitute deficient performance, the meritorious nature of the motion must be so plain that "no competent attorney would think a motion to suppress would have failed." *Premo v. Moore*, 562 U.S. 115, 124 (2011). A petitioner must also show that counsel had no reasonable strategic rationale for not filing the motion. *Davis v. Lafler*, 658 F. 3d 525, 537 (6th Cir. 2011).

*Id.* at *10 (some internal quotation marks and citations omitted).

The court resolved this issue as follows:

> The post-conviction court found that "Petitioner would have had a reasonable probability of success on a motion to suppress, and [trial counsel] conceded as much when he testified that he felt that he had a sufficient basis to raise the issue in a motion to suppress." The court concluded, however, that trial counsel made "a

reasonable strategic decision" not to file a motion to suppress, "as it would have been extremely difficult to properly raise self-defense without the Petitioner testifying." The post-conviction court found that trial counsel's decision to allow the statement to be admitted during the State's case-in-chief, rather than risk the statement being admitted to impeach Petitioner, was "precisely the type of reasonable strategic decision that is not to be second-guessed by the post-conviction court."

Additionally, the post-conviction court concluded that Petitioner failed to establish that he was prejudiced by trial counsel's failure to file the motion to suppress. Trial counsel testified that the statement was in some ways exculpatory and corroborated Petitioner's testimony that he acted in self-defense because he was fearful of the victim.

We agree with the post-conviction court's conclusion that trial counsel's decision not to seek suppression of Petitioner's statement to police was an informed strategic decision based upon adequate preparation.

*Id.* at *10–11.

In addressing the claim in the context of the habeas petition, the Magistrate Judge first articulated the standard for reviewing ineffective assistance claims under AEDPA and noted that the Petition "reiterates many of the same arguments that [the petitioner] made in state court about why the failure to file a motion to suppress constitutes ineffective assistance of counsel" but "offers very little argument or evidence that the state court's application of the *Strickland* standard was unreasonable." (Doc. No. 27 at 18.) The Magistrate Judge also noted that the petitioner's claim that counsel was "unaware" of the existence of a meritorious basis for seeking suppression of his statement was contradicted by trial counsel's testimony that he knew he had a legitimate basis for seeking to suppress the statement but decided not to do so because petitioner intended to testify in his own defense, and the statement would likely be admitted under Tennessee law anyway. Counsel also testified that the statement was at least partially exculpatory and largely reiterated the petitioner's testimony.

The petitioner objects to the Magistrate Judge's conclusion, reiterating his claim that "trial counsel could not have had a sound strategy for failing to suppress Petitioner's statements,"

because it "could not have been a sound trial strategy to let the jury know that your client had previously not told the whole truth in the first statements without the *Miranda* warning." (Doc. No. 36 at 2.) He argues that it is "still possible to obtain relief on the claim when both the state court and magistrate incorrectly applied federal law but also that the magistrate made an objectively unreasonable factual determination." (*Id.* (citing 28 U.S.C. § 2254(d)(2)).

The petitioner makes no effort to develop this argument or to show either that the state court unreasonably applied *Strickland* or that the Magistrate Judge erred in applying the AEDPA standards to the state court's ruling. As set forth above, the question here is *not* whether counsel was ineffective or whether the petitioner was prejudiced by his counsel's conduct, under *Strickland*. The question presented to this court—as the Magistrate Judge expressly recognized (*see* Doc. No. 27 at 16)—is "not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Here, the Magistrate Judge thoroughly considered the issue and the state court's resolution of the claim and concluded that the decision was not unreasonable. The petitioner makes no effort to explain how the Magistrate Judge erred in applying that standard, and this court likewise finds that the petitioner has failed to establish that the state court decision was unreasonable. This objection is overruled.

### C.    Susan Branam

Regarding Susan Branam, the petitioner asserts that the Magistrate Judge "made an objectively unreasonable factual determination regarding Branam," because the Magistrate Judge "failed to analyze Trial Counsel's claims regarding Branam" at trial. (Doc. No. 36 at 3–4.) He points out that trial counsel informed the jury during opening arguments that Branam would testify and how he expected her to testify, but he later testified at the post-conviction hearing that he decided not to call Branam, because she was "erratic, neurotic, drunk, highly medicated, and

unpredictable," and had "angrily threatened to derail the Petitioner's trial with damning testimony, if forced to testify." (Doc. No. 36 at 3.) The petitioner further claims that the Magistrate Judge and the state court erred in finding that the decision not to call Branam was a matter of trial strategy.

Again, the petitioner fails to recognize this court's standard of review or to show that the Magistrate Judge erred in applying that standard. The Tennessee Court of Appeals addressed this issue, summarizing trial counsel's testimony as follows:

> Trial counsel testified that . . . [he] believed that Ms. Branam would be a good witness for the defense. Trial counsel testified that Ms. Branam was reluctant to testify, however, because "she felt that testifying might cause her some professional problems." There was an ice storm on the night before Ms. Branam was scheduled to testify. On the morning of . . . Ms. Branam's scheduled testimony[y], trial counsel spoke to Ms. Branam, and Ms. Branam sounded "completely distraught" and "under the influence of pills and alcohol." Ms. Branam told trial counsel that she did not want to testify because she felt her reputation in the music industry would be ruined. Ms. Branam "[d]id not want to be involved in any way" in Petitioner's case. Trial counsel believed that Ms. Branam would harm Petitioner's case if he "forced her to testify." . . . Trial counsel testified that "whatever little benefit" Ms. Branam's testimony would have been to Petitioner's defense was greatly offset by her mental state at the time of Petitioner's trial.
>
> . . . . Trial counsel spoke to Ms. Branam after trial, and "she [wa]s apparently unhappy that [Petitioner] was convicted, but she was afraid that everyone would throw mud at her if she testified." Ms. Branam nevertheless "agreed to testify at [Petitioner's] sentencing hearing[.]" Ms. Branam's testimony at the sentencing hearing was consistent with Ms. Markham's trial testimony.

*Ferrell*, 2020 WL 5230387, at *3. The post-conviction court found that counsel's decision not to call Branam was reasonable, because "[w]hatever potential benefit might have been gained from Ms. Bran[]am's testimony was significantly outweighed by the possible damage she would have done to the Petitioner's case, given her intoxication and hostility to the defense team at the time she would have been called to testify." *Id.* at *9. The appellate court agreed that "trial counsel made a reasonably based strategic decision not to call Ms. Branam as a witness." *Id.* The court also found that "Petitioner failed to demonstrate that, had counsel employed a different trial strategy, a reasonable probability exists that he would have obtained a different result." *Id.* at *10.

The Petition in this court argues that counsel's testimony was "at odds" with counsel's actions, where he "went to great lengths to get [her] testimony 'on the record' at the petitioner's sentencing hearing." (Doc. No. 10 at 17.) He asserts only that her testimony at sentencing was not relevant, but it would have been "highly relevant and supportive/corroborative of the petitioner's versions of events" at trial. (*Id.*) In his Reply, he further argues that, "because Trial Counsel alleged that it was his trial strategy to exclude Branham when it was clear he had no such strategy," the court should have viewed all of trial counsel's testimony as "unreliable because he had a motive which included not wanting to be determined ineffective by the State Court." (Doc. No. 20 at 35.) He further asserts, without elaboration, that post-conviction counsel's failure to call Branam to testify at the post-conviction hearing "established cause and prejudice" for the purpose of excusing a procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012). (*Id.* at 43.)

The Magistrate Judge addressed these arguments, noting first that the TCCA considered this argument and determined, based on trial counsel's testimony, that "trial counsel made a reasonably based strategic decision to not call Ms. Branam as a witness." (Doc. No. 27 at 24 (quoting *Ferrell*, 2020 WL 5230387, at *).) The Magistrate Judge observed that the petitioner did not "cogently or convincingly argue that the TCCA's decision was contrary to any federal law, unreasonably applied any federal law, or was based on an unreasonable determination of the facts" and instead "merely reiterates the same arguments he made to the TCCA." (Doc. No. 27 at 26.) The R&R found that the "record does not provide any more support for Petitioner's claim now than it did then" and, further, that, aside from his failure to show that the state court's determination that he was not prejudiced was unreasonable, the petitioner also failed to demonstrate that the state court "unreasonably arrived at its determination that his attorneys' performances were not deficient." (*Id.* at 27.)

In other words, the Magistrate Judge applied the correct legal standards and correctly determined that the petitioner failed to establish grounds for setting aside the state court decision. In his Objection, the petitioner continues to argue that counsel was deficient and that he was prejudiced thereby, without making any attempt to establish that the Tennessee Court of Criminal Appeals' decision to the contrary was *unreasonable*, as required for relief in this court.

The petitioner is not entitled to relief on this ground.

**D.      Jon Hensley**

The petitioner makes no pretense of showing error by the Magistrate Judge and does not, in fact, make a coherent argument as to how trial counsel erred in failing to call Jon Hensley to testify. Instead, the Objection reiterates verbatim the R&R's summary of the petitioner's claim and the TCCA's resolution of it. (*Compare* Doc. No. 36 at 5 *with* Doc. No. 27 at 24–25.) The petitioner has not explained why he believes the TCCA's or the Magistrate Judge's conclusion was incorrect as a matter of fact or law. This objection, such as it is, is overruled.

**E.      Stacey McCoy**

Regarding this witness, the petitioner's argument is almost equally incoherent. He asserts that this witness "should have been called to testify at trial and at the evidentiary hearing because her testimony was relevant and would have either corroborated or impeached the testimony of Trial Counsel. The hearing in the State Trial Court was moreover based upon conclusory testimony from Trial Counsel who testified that all of his decisions were strategic with no real challenges to his testimony." (Doc. No. 36 at 5–6.) The petitioner makes no real effort to differentiate between his claim that *trial counsel* was ineffective for failing to call this witness at trial and his claim that *post-conviction* counsel was ineffective for failing to call her to testify at the post-conviction hearing—even though she was apparently present at the hearing. In any event, the petitioner does not present a substantial claim of ineffective assistance of post-conviction counsel for purposes of

*Martinez v. Ryan*, 566 U.S. 1 (2012); he has not explained how the TCCA's resolution of this claim was unreasonable under either *Strickland* prong; and he does not explain how he believed the Magistrate Judge erred in rejecting this claim.

The Magistrate Judge did not err in rejecting this claim, and the objection is without merit.

## IV. CONCLUSION

For the reasons set forth herein, both sets of Objections (Doc. Nos. 28, 36) will be overruled, and the R&R (Doc. No. 27) will be accepted in its entirety. The Petition will be dismissed with prejudice. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge